# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-cr-20058-JTF-1 |
| LAMAR CLANCY, | ) |
| Defendant. | ) |

_____

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION
_____

Before the Court is Defendant Lamar Clancy's Motion to Suppress filed on September 28, 2018, to which Respondent United States filed its Response in opposition on October 16, 2018. (ECF Nos. 27 & 33.) The Motion was referred to the assigned Magistrate Judge, who held a hearing on the matter on October 30, 2018. (ECF No. 36.) On December 19, 2018, the Magistrate Judge issued a Report and Recommendation on Defendant's Motion to Suppress, recommending that the Motion be denied because the warrantless seizure of Defendant's clothing from his hospital room was proper under the plain view doctrine. (ECF No. 39, 11.) Defendant timely filed Objections to the Magistrate Judge's Report and Recommendation on January 2, 2019. (ECF No. 40.)

For the following reasons, the Court finds that the Magistrate's Report and Recommendation should be ADOPTED IN PART and Defendant's Objections GRANTED IN PART AND DENIED IN PART.

## I. FINDINGS OF FACT

In the Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 39, 1–4.)

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A)–(B). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). "The district court is not required to review—under a *de novo* or any

other standard—'any issue that is not the subject of an objection.'" *Brown*, 47 F. Supp. 3d at 674 (emphasis added) (quoting *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

### III. ANALYSIS

The issues presented by the Motion are (i) whether law enforcement's collection of Defendant's clothes from his hospital treatment room constituted an illegal seizure under the Fourth Amendment, requiring suppression of the clothes found and any evidence acquired as a result; and (ii) whether Defendant's verbal statements to law enforcement should be suppressed because of law enforcement's failure to *Mirandize* Defendant and failure to stop questioning Defendant upon his invocation of his Fifth Amendment right to counsel. (ECF No. 27, 3–5.) The Court notes that Defendant's *Miranda* claims were discussed at the hearing on his Motion to Suppress, but the Report and Recommendation does not address Defendant's *Miranda* claims. Defendant objects to this aspect of the Report and Recommendation.

A. Fourth Amendment

The Magistrate Judge recommends the denial of Defendant's Motion to Suppress because of the application of the plain view doctrine. (*See* ECF No. 39, 11.) This Court agrees. The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. The Fourth Amendment applies to government intrusions when a person has a reasonable expectation of privacy. *See Rakas v. Illinois*, 439 U.S. 128, 143 (1978). When the protections of the Fourth Amendment apply, a warrant is generally required. *United States v. Garcia*, 496 F.3d 495, 508 (6th Cir. 2007). Warrantless searches and seizures are "'*per se* unreasonable under the Fourth Amendment—subject only to a few . . . exceptions[,]'" including

the plain view doctrine. *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).

Under the plain view doctrine, an officer may seize evidence in plain view without a warrant if the following four factors are satisfied: "(1) the item seized must be in plain view, (2) the item's incriminating character must be immediately apparent, (3) the officer must lawfully be in the place from where the item can be plainly seen, and (4) the officer must have a lawful right of access to the item." *United States v. Mathis*, 738 F.3d 719, 732 (6th Cir. 2013). "'If an article is already in plain view, neither its observation nor its seizure would involve any invasion of privacy.'" *United States v. Barclay*, 578 F. App'x 545, 550 (6th Cir. 2014) (quoting *Horton v. California*, 496 U.S. 128, 133 (1990)).

Plain View

Here, the first prong of the plain view doctrine is satisfied because the clothes seized were on the floor of Defendant's hospital room, in plain view, and not in a bag. (Suppression Hearing, 51:9–51:18.) The items were plainly observable from both within the hospital room and the hallway outside of the room. (*Id.* at 14:5–15:6.) Thus, the clothes were in plain view.

Incriminating Character

The second prong is also satisfied because the incriminating character of the clothes was immediately apparent. "The seizure of an apparently innocuous item may be proper when law enforcement have probable cause to believe it is connected to illegal activity." U*nited States v. Lewis*, No. 5:14-CR-6-R, 2015 U.S. Dist. LEXIS 53882, at *4 (W.D. Ky. Apr. 24, 2015) (citing *Mathis*, 738 F.3d at 733). Probable cause, as a flexible, common-sense standard, "'merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be . . . useful as evidence of a crime; it does not demand any

showing that such a belief be correct or more likely true than false.'" *Mathis*, 738 F.3d at 732 (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

Here, the officers had probable cause to believe that the clothing worn by Defendant would be evidence of his involvement in the crime of attempted robbery. They knew that the Defendant was in the hospital suffering from a gun-shot wound, his clothing substantially matched a description of the clothing worn by one of the suspects of the robbery and shootout that occurred not long before his arrival at the hospital, and Defendant arrived at the hospital in a black Dodge Charger with front-end damage (which matched the description of a hit-and-run vehicle thought to be a black Dodge Challenger heading in the direction of the hospital). When the facts are viewed in their totality, the officers had probable cause to believe that the clothing was evidence of Defendant's involvement in the robbery. Thus, the second prong is satisfied.

Lawful Presence

The Court also finds that the third factor, regarding the lawful presence of the officers, is satisfied. The burden is on Defendant to show that "the officer's presence was unlawful and that he enjoyed a reasonable expectation of privacy in the premises." *United States v. Howard*, No. 1:10-CR-121-ODE, 2011 U.S. Dist. LEXIS 41211, at *23 (N.D. Ga. Apr. 15, 2011) (citing *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980). Here, Defendant does not argue, and the caselaw cited by Defendant does not address, how the officers' presence in the treating room is unlawful. (ECF No. 39, 8–10.) However, it is apparent that a number of courts find that a defendant in a hospital trauma room, like Defendant here, retains a lessened expectation of privacy such that police presence therein usually does not violate the Fourth Amendment. (*See id.* at 8–9.) The Court concludes that the third factor of the plain view doctrine is satisfied.

Lawful Access

The requirement that the officers have a lawful right of access to the item—the fourth prong—is also satisfied here. Unlike lawful presence, which "refers to where the officer stands when she sees the item [,]" lawful access refers "to where she must be to retrieve the item." *Boone v. Spurgess*, 385 F.3d 923, 928 (6th Cir. 2004). Here, given that the officers were lawfully present in the hospital room as part of their robbery and shooting investigation, the officers also had lawful access to the clothing lying on the floor of the hospital room in plain view. Thus, this circumstance is unlike the case of *United States v. Neely*, 345 F.3d 366 (5th Cir. 2003), cited by Defendant on the issue. There, the Court found the plain view doctrine did not apply because the seized item was no longer in plain view because it was in a room police did not have lawful access to. *Id.* at 371. For these reasons, the Court agrees with and adopts the Magistrate Judge's finding that the seizure of the Defendant's clothes was proper under the plain view doctrine.

B. Objections

Defendant lodges three objections to the Magistrate Judge's Report and Recommendation: 1) an objection contesting that the clothing found was of an incriminating character such that a search warrant was not required; 2) an objection to the finding that officers had lawful access to Defendant's clothing; and 3) a request that this Court suppress any statements made by Defendant as a violation of *Miranda,* even though the Government agrees not to use such statements in its case in chief.

The Court finds that Defendant's first objection, regarding the incriminating character of the clothing, fails. Defendant argues that because the clothing descriptions varied and no suspect was alleged to have been shot during the robbery, the incriminating nature of the clothing is

questionable, and accordingly, a search warrant was necessary. The Court finds that although the descriptions varied, they were substantially similar and did not sufficiently conflict with one another such as to call into question the incriminating nature of the clothing.

The Court finds that the evidentiary value of the clothing was immediately apparent. As noted above, witnesses told officers about an attempted robbery that occurred close in time to Defendant's arrival at the hospital, which involved a shootout with a suspect wearing a white (or gray) jacket with red jogging pants with a white strip down the side. (ECF No. 37, 00:03:50–00:04:50 (Pellet body cam).) Although Officer Pellet, while at the hospital, can be heard on his body cam stating that all he can see is red and white, he testified that he saw what appeared to be red shoes, red sweatpants, and a gray sweatshirt. (Suppression Hearing, 15:7–15:9.) Lieutenant Hardaway testified that upon walking into the hospital room, he saw what he thought was a gray shirt, red pants, as well as red and black shoes. (*Id.* at 50:22–51:8.) Officer Pellet's description generally coincides with Lieutenant Hardaway's description. Under the facts of this case, the evidentiary value of the clothing worn by a robbery suspect is clearly and immediately apparent.

The Court additionally concludes that the officers lawfully accessed Defendant's clothing. Defendant contends that, even if his clothes were in a pile, "the officers had no right to [his clothing]" because "he gave no consent[.]" (ECF No. 40, 3.) However, as discussed above, the officers lawfully accessed the clothing because they were lawfully in the treating room and could plainly see the clothes, which were not bagged and in a pile, on the hospital room floor. (Suppression Hearing, 51:9–51:18.) Thus, Defendant's second objection is not well-taken.

As his third objection to his Motion to Suppress, Defendant submits that while he was in the prison ward of a hospital, police asked him biographical information and about how he got shot, without first *Mirandizing* him. Upon being *Mirandized*, Defendant requested a lawyer, but

7

police, nonetheless, asked him about another robbery. (ECF No. 27, 5.) Defendant asserts that statements were made in response to both inquiries and should be suppressed. (*Id.* at 2.) During the suppression hearing, little evidence was presented on the alleged inquiries and statements. Plaintiff first stated Defendant did not make any verbal statements, but then conceded that officers attempted to speak with Defendant and that Defendant made at least one statement in response. (Suppression Hearing, 4:5–5:8.) Plaintiff, however, argued that it had no intention of offering the statement at any point in the case. (*Id.* at 5:8–5:9.) As a result, both parties agreed the statements were a nonissue, and no further argument or testimony was had on the matter. (*See id.* at 4:5–5:8.)[1] After receiving the Magistrate's Report and Recommendation, which does not discuss the alleged *Miranda* violations, Defendant objects and requests that this Court suppress the statements asserted in his Motion as being taken in violation of *Miranda*. Defendant's *Miranda* allegations are well-taken, and accordingly, the Court denies in part the Magistrate's Report and Recommendation that does not recommend any disposition on the matter and grants in part Defendant's related Objection.

The Court finds that Defendant's answers to the inquiries concerning his biographical information and how he got shot, as well as facts about a separate robbery should be suppressed. The Defendant was clearly in custody and was subjected to interrogation. Initially, he was questioned without first receiving *Miranda* warnings. Once *Miranda* warnings were given, Defendant requested an attorney, after which officers continued to question him. Without more, the record shows a violation, and the statements must be suppressed. *Mason v. Mitchell*, 320 F.3d 604, 631 (6th Cir. 2003) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977)); s*ee also United States v. Flack*, No. 3:08-CR-108, 2009 U.S. Dist. LEXIS 116135, at *50 (E.D. Tenn.

---

[1] The Court appreciates the Government's concession and its agreement not to offer any statements taken from the Defendant while he was hospitalized.

July 30, 2009) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)). Plaintiff did not respond to Defendant's objection. Thus, the Court finds that Plaintiff has not met its burden of showing that the questioning was voluntary and in accordance with *Miranda*. As a result, any statement made by Defendant to the above inquiry is suppressed.

### IV. CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation to Deny Defendant's Motion to Suppress and **GRANTS IN PART AND DENIES IN PART** Defendant's Objections thereto.

**IT IS SO ORDERED** on this 16th day of January 2019.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge
